OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas, following appellant's guilty plea to escape. Because we conclude that the trial court did not err in imposing sentence for the escape conviction, we affirm.
In August 1996, pursuant to alleged violations of post-conviction release conditions, appellant, William Whitten, was indicted and pled guilty to escape, in violation of R.C.2921.34(A)(1). Appellant also pled guilty to a separate count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B). The charges stemmed from appellant's failure to attend AA meetings and to report to his parole officer for a weekly drug test — conditions of post-release. In addition, appellant attempted to allude police. This led to a dangerous high speed chase through two stop lights in and around the town of Wauseon, Ohio. At sentencing, the trial court noted that appellant's serious prior record "demonstrates a high degree of irresponsibility in criminal activity in the past." Finding that the shortest prison terms would demean the seriousness of the offenses and would not adequately protect the public, the trial court sentenced appellant to a term of three years as to the escape charge and eighteen months as to the failure to comply conviction.
Appellant now appeals, setting forth the following sole assignment of error:
 "The Trial Judge erred in sentencing the Defendant-Appellant to the Ohio Department of Rehabilitation and Correction, Orient, Ohio for a term of three (3) years for the offense of escape, a violation of O.R.C. 2921.34(A)(1), a felony of the third degree, in excess of the Sentencing Guidelines of O.R.C. 2929.12."
A conviction for escape is a third degree felony. R.C.2921.34(A)(1). R.C. 2929.14(A)(3) provides that for "a felony of the third degree, the prison term shall be one, two, three, four, or five years." R.C. 2953.08 limits the grounds upon which a felony sentence may be appealed.
In this case, appellant essentially argues that the trial court failed to comply with the statutory requirements of R.C. 2929.12. However, appellant's sentence of three years is not a maximum sentence for the escape conviction and appellant's appeal does not fall within any of the grounds for appeal found in R.C. 2953.08. Moreover, upon our review of the record, at sentencing the trial court did, in fact, specifically indicate his consideration of the factors found in R.C. 2929.12 and 2929.13.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. JUDGE
James R. Sherck, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.